IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| PAMELA L. MYRICK, | ) | C/A 1:05-169-RBH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| AIKEN COUNTY GOVERNMENT/AIKEN | ) | |
| COUNTY DETENTION CENTER, JOHN | ) | |
| ROWLEY, & CLAY KILLIAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action has been filed by the Plaintiff, pro se, presumably pursuant to, inter alia,

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. Plaintiff is a former employee

of the Defendant Aiken County Detention Center. Plaintiff originally filed this action in the South

Carolina Court of Common Pleas, Second Judicial Circuit. However, it was subsequently removed

to this Court by the Defendants on January 19, 2005.

A scheduling order was entered by the Court on January 25, 2005, providing for all

discovery to be completed by no later than May 18, 2005, with any dispositive motions to be filed

on or before June 20, 2005. On May 13, 2005, the Defendants filed a motion to compel and/or to

dismiss, seeking an order from this Court dismissing this case as a sanction for Plaintiff's failure to

cooperate in discovery, or in the alternative imposing monetary sanctions. In this motion, Defendants

1



represent to the Court that Plaintiff was served with discovery requests on April 7, 2005, to which she failed to respond, and that Plaintiff was also served on April 29, 2005 with a notice setting her deposition for May 12, 2005, for which she failed to appear. Defense counsel has also submitted an affidavit in which he attests that he attempted to contact the Plaintiff by telephone on May 11, 2005 to remind her of her May 12 deposition, but that he received no answer to calls placed to the two numbers Plaintiff provided to the Court, and no answering machine was in operation. Defense counsel further attests that he again attempted to contact Plaintiff by telephone on the morning of May 12, 2005, to no avail.

Because the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 16, 2005, advising Plaintiff of the importance of a motion to dismiss and of the necessity for her to file an adequate response. Plaintiff was specifically advised in the Roseboro order that if she failed to respond adequately, the Defendants' motion to dismiss may be granted, thereby ending her case. However, notwithstanding the specific warnings and instructions as set forth in the Court's Roseboro order, Plaintiff has failed to file any response to the Defendants' motion to dismiss, nor has Plaintiff had any communication with this Court concerning her case. In fact, a review of the file reveals that the Court has received no communication from the Plaintiff whatsoever since her case was removed to this Court on January 19, 2005.

### Discussion

Rule 37(b)(2), Fed.R.Civ.P., provides that if a party fails to obey an order to provide or permit discovery, the Court in which the action is pending may make such orders in regard to such failure as are just, including dismissing the action. Further, Rule 41(b), Fed.R.Civ.P., authorizes the Court to dismiss an action for failure to prosecute or for failure to



comply with court orders.  "There is no doubt that Federal Courts possess the inherent authority to dismiss a case with prejudice . . . "  See Link v. Wabash Railroad Co., 370 U.S. 626, reh'g. denied, 371 U.S. 873 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997).

Whether to dismiss a case as a sanction is a matter for the Court's discretion.  See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978).  The Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether dismissal as a sanction is appropriate.  The Court must consider (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal.  Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982).  See also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Mutual Federal Savings and Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989).

A review of the file in this case shows that Plaintiff has failed to respond to discovery requests submitted by the Defendants, and has further failed to appear at a scheduled deposition.  Plaintiff has also failed to respond to the Defendants' motion to dismiss and/or for sanctions, nor did she respond to the Court's Roseboro order.  As noted, the Court has in fact received no communication from the Plaintiff whatsoever since the removal of this case to federal court in January 2005.  Hence, Plaintiff clearly meets the first and third prongs of the Fourth Circuit's four prong test.

While the Plaintiff has engaged in the conduct described herein, the continuation of



3

this action for some eight (8) months (the case having originally been filed in the South Carolina

Court of Common Pleas in December 2004) has caused the Defendants to incur continuing costs and

expenses associated with this lawsuit.  Further, Plaintiff's failure to respond to the Defendants'

discovery requests, to appear for her deposition, or to respond to motions or this Court's orders has

prejudiced the Defendants' ability to ascertain the facts and prepare a defense in this action.

Therefore, the facts in this case clearly also satisfy the second prong of the Fourth Circuit's four part

test.

As for the fourth prong of the Fourth Circuit's four part test, the record in this file

shows that Plaintiff has failed to respond to notices and discovery requests received from the

Defendants, has failed to appear to give testimony in her case, has failed to respond to motions and

Court orders, or to even communicate with the parties or with the Court in this action. In the

motion filed by the Defendants, Plaintiff was specifically put on notice that the Defendants were

seeking dismissal as a sanction for her conduct.  However, she has failed to respond to this motion,

nor has she responded to the Court's Roseboro order, in which she was specifically advised that

if she failed to adequately respond to the Defendants' motion, her case might be dismissed.

Plaintiff has also apparently failed to pursue any discovery on her own behalf.  In summary,

Plaintiff has failed to effectively prosecute this case in any real sense.

The undersigned is mindful of the fact that the Plaintiff is proceeding pro se;

however, although the federal courts have historically treated pro se litigants with some degree of

liberality, pro se litigants are not immune from any sanction by virtue of their status alone. See e.g.

Ballard v. Carlson, supra; Gantt v. Maryland Div. Of Correction, 894 F.Supp. 226 (D.Md. 1995),

aff'd, 73 F.3d 357 (4th Cir. 1996). In Ballard, the pro se complaint was dismissed with prejudice



4

for failure to obey a court order despite a warning from the Court that failure to comply may result in dismissal. The Fourth Circuit upheld the dismissal. Id., at 95-96. In Zaczek v. Fauquier County, et. al., 764 F.Supp. 1074 (E.D. Va. 1991) aff'd, 16 F.3d 414 (4th Cir. 1993), the District Court dismissed the pro se state prisoner's § 1983 claim for the Plaintiff's willful disregard of the Court's warnings to cease his abusive motions practice or else have his case dismissed. The Court noted that the Plaintiff was repeatedly warned that the complaint would be dismissed if he did not obey the orders of the Court. Id. at 1080; see also Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 472 (4th Cir. 1993); Hathcock v. Navistar Int'l Trans. Corp., 53 F.3d 36, 40-41 (4th Cir. 1995) [noting that "this court has emphasized the significance of warning a defendant about the possibility of default [under Rule 37] before entering such a harsh sanction"]; Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954, n.2 (4th Cir. 1987) [noting that warning to parties was a "salient fact" that distinguished cases in which default judgment was appropriate sanction for discovery abuse under Rule 37]. Here, Plaintiff has specifically been placed on notice that her case could be dismissed if she did not take at least some action in response to the discovery requests and/or motion submitted by the Defendants.

Nevertheless, when considering whether sanctions less drastic than a dismissal with prejudice exist, and in light of Plaintiff's pro se status, an option other than outright dismissal presents itself. First, in an effort to try and fashion some sanction less drastic than dismissal, but sufficient to impress upon the Plaintiff the need for her to cooperate in this litigation and to comply with the Court's orders and the rules of this Court, a monetary penalty could be considered by the Court. Whether the actual assessment to the Plaintiff of costs and fees would result in a change in her behavior is unknown; however, through the payment of fees and costs, the Plaintiff may be



5

able to sufficiently demonstrate to the Court that she will in the future comply with this Court's rules to allow this case to proceed, while at the same time allowing the Defendants to recoup some of the losses they have incurred as a result of Plaintiff's actions to date. If this option is accepted by the Court, the Defendants should be required to submit an affidavit of fees and costs incurred as a result of Plaintiff's failure to comply with its discovery requests, including costs and fees incurred as a result of having to file motions and briefs because of this conduct, within ten (10) days of any order of the Court adopting this Report and Recommendation. Plaintiff could submit any objections she may have to the amount of fees and costs requested, with the Court then entering a final order setting the proper amount.

In the event such payment is then made, Defendants' motion to dismiss this case as a sanction for Plaintiff's conduct should be denied, with a new deadline set for Plaintiff's compliance with discovery in this case and to sit for a deposition. However, in the event Plaintiff fails to timely remit payment, the Defendants' motion should be granted, and this action should be dismissed with prejudice. See Ballard, 882 F.2d at 95 [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 3, 2005

6

### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. **28 U.S.C. § 636** and **Fed. R. Civ. P. 72(b)**. The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. **Fed. R. Civ. P. 6.** Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., **142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992).** A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, **423 U.S. 261, 270-271 (1976); and** Estrada v. Witkowski, **816 F. Supp. 408, 410 (D.S.C. 1993).**

During the ten-day period, **but not thereafter,** a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, **727 F.2d 91, 94 & n. 4 (4th Cir.),** *cert. denied,* Schronce v. United States, **467 U.S. 1208 (1984); and** Wright v. Collins, **766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985).** Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, **932 F.2d 505, 508-509 (6th Cir. 1991).** See also Praylow v. Martin, **761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court),** *cert. denied,* **474 U.S. 1009 (1985).** In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, **843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:**

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, **886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and** Goney v. Clark, **749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").** This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, **892 F.2d 15, 16 (2nd Cir. 1989).** Filing by mail pursuant to **Fed. R. Civ. P. 5** may be accomplished by mailing addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
